IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYON STACY REESE,

                                                                 OPINION and ORDER

            Plaintiff,

                                                       16-cv-303-bbc

     v.

MICHAEL DITTMAN, KAREN ANDERSON,
MEREDITH MASHAK, KARL HOFFMAN,
SALAM SYED, KATHLEEN WHALEN,
EMMA STARCK, KRISTEN DEYOUNG,
DENISE VALERIUS, BARB HARRIS,
NICOLE FELTON, KIM CAMPBELL,
CHAD KELLER, PHILLIP HOECHST,
LUCAS VOLDEN, PAUL BAUMGARTEN, JEFF REWEY,
STEPHEN WILLETT, TIMOTHY ZIEGLER,

                            Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Ryon Stacy Reese is proceeding on 15 claims, most of which relate to alleged failures by prison officials to provide medical care for chronic pain, in violation of the Eighth Amendment. Several motions are now before the court: (1) defendants' motion for partial summary judgment on the ground that plaintiff did not exhaust his administrative remedies as to four of his 15 claims, dkt. #44; (2) plaintiff's motion to "release" defendant Ziegler from the lawsuit, dkt. #52; (3) plaintiff's motion for

---

[1] I have amended the caption to reflect the full names and correct spellings of each defendant, as identified in the amended acceptance of service. Dkt. #48.

assistance in recruiting counsel, dkt. #53; (4) plaintiff's motion for leave to file a surreply, dkt. #57; and (5) plaintiff's "motion to accept affidavit as authentication of exhibit," dkt. #59.

For the reasons explained below, I am granting defendants' motion for partial summary judgment as to three of the four claims at issue. I am dismissing the other claim because it is not ripe for review. Because plaintiff's motion for leave to file a surreply and "motion to accept affidavit as authentication of exhibit" are related to the claim that is being dismissed as unripe, I am denying those motions as moot. Finally, I am denying plaintiff's motion regarding defendant Ziegler and granting plaintiff's motion for assistance in recruiting counsel.

OPINION

A. Motion for Partial Summary Judgment

Defendants seek dismissal of the following claims, each on the ground that plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a):

(1) in August 2014, defendant Kim Campbell (a nurse) refused to schedule a doctor's appointment when plaintiff complained of severe pain and bruising in his upper arm, which plaintiff later discovered was caused by a torn tendon in his bicep;

(2) in January 2016, defendant Salam Syed (a doctor) refused to give plaintiff any pain medication or other treatment;

(3) at an unspecified time, defendant Phillip Hoechst (a physical therapist) refused to prescribe a resistance band for plaintiff to help with his shoulder; and

2

(4) defendant Chad Keller (a correctional officer) destroyed a videotape that could have supported plaintiff's claims in this case.

Defendants cite the declaration from a records custodian, who avers that plaintiff did not file an administrative grievance related to any of these claims. Rose Decl., dkt. 47. Generally, if a prisoner fails to use the grievance process for a claim before filing a lawsuit, the court must dismiss that claim. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999)("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed."). Because it is possible that the prisoner still could complete the exhaustion process at a later date, a dismissal for failure to exhaust is always a dismissal without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

In his responsive materials, plaintiff does not deny that he failed to file a grievance about any of the claims listed above and he says nothing at all about claims (1), (2) and (3). Accordingly, I will grant defendants' summary judgment motion as to the first three claims.

As to the last claim, plaintiff says that he failed to file a grievance about the destruction of the videotape for two reasons: (1) when he first asked about the videotape, an officer directed him to seek relief in state court; and (2) the state court determined that the videotape had been destroyed, so plaintiff believed that the issue was moot and that he could be disciplined for abusing the grievance process if he sought administrative relief. I cannot consider whether either of these issues excuses plaintiff's failure to file a grievance because I conclude that the underlying claim is premature. It was a mistake to allow plaintiff to proceed on that claim.

As I explained recently in another case, a plaintiff cannot bring a claim that

3

destruction of evidence hindered his ability to prove another claim until he *loses* that other claim. Carter v. Cummings, No. 16-cv-55-bbc, 2017 WL 519283, at *6–7 (W.D. Wis. Feb. 8, 2017). If plaintiff prevails on his claims despite the lack of video evidence or if he loses those claims for reasons unrelated to the lack of video evidence, then the destruction of the videotape has not harmed him and he has not suffered the "actual injury" that is required to give a person standing to sue. Marshall v. Knight, 445 F.3d 965, 969–70 (7th Cir. 2006). Thus, plaintiff's claim that defendant Keller denied his right to have access to the courts by destroying a videotape is not ripe until this case is resolved. Morales v. City of Los Angeles, 214 F.3d 1151, 1155 (9th Cir. 2000) ("[D]enial-of-access-to-the-courts claims arising from alleged police misconduct ... are not ripe until the trial court proceedings are concluded adversely to the plaintiffs."); Vallade v. Fischer, No. 12-cv-00231 A M, 2014 WL 5481881, at *16 (W.D.N.Y. Oct. 29, 2014) ("[E]ven if the [evidence] was willfully destroyed in an effort to cover-up defendants' conduct, plaintiff has not established that this caused him to lose or inadequately settle a meritorious action, since his underlying Eighth Amendment claim arising from the March 30, 2009 accident remains pending."); Raymond v. Sloan, Civ. No. 1:13–423 WBS, 2014 WL 4215378, *3 (D. Idaho, Aug. 25, 2014) ("At this stage in the litigation, it is premature to determine whether defendants' alleged cover-up will result in the defeat of her negligence claim. Instead of speculating upon the fate of that claim, the court will instead dismiss plaintiff's § 1983 claim without prejudice"); Parrish v. Solis, No. 11-CV-01438, 2014 WL 1921154, at *13 (N.D. Cal. May 13, 2014) ("Plaintiff cannot allege the 'loss' of this claim at this point in time because litigation of that claim is still

pending in this very Court. This leads to the conclusion ... that his claim is premature and not ripe for adjudication."); Lynch v. Barrett, No. 09-CV-00405-JLK-MEH, 2010 WL 3938359, at *6 (D. Colo. Oct. 5, 2010) ("Plaintiff's injury is contingent on the success (or lack thereof) of his excessive force claim.... Plaintiff has yet to experience a concrete injury, or denial of meaningful relief, and therefore, his access-to-courts claim is unripe.").

Although defendants did not raise this issue, standing is part of subject matter jurisdiction, so it must be raised by the court even if the parties fail to do so. Crosby v. Cooper B-Line, Inc., 725 F.3d 795, 800 (7th Cir. 2013); Schirmer v. Nagode, 621 F.3d 581, 584 (7th Cir. 2010). Accordingly, I am dismissing plaintiff's access to courts claim without prejudice to plaintiff's refiling it after the proceedings in this case are completed, which includes any proceedings on appeal.

### B. Motion to "Release" Defendant Ziegler

Plaintiff says that "[f]urther examination of defendant Ziegler's participation in the acts and events that are the factual bases of this lawsuit currently appear to show that Ziegler's role was that of a witness to these acts and events rather than an active participant." Dkt. #52. As a result, he says that "there appears no reason that Zeigler should remain a named defendant at this time." Id. However, he wishes to "reserve[] the right to re-instate" Ziegler if discovery "should reveal facts indicating Ziegler's more direct and material involvement." Id.

I construe plaintiff's motion as one to voluntarily dismiss his claims as to defendant

Ziegler without prejudice. Defendant Ziegler had already answered plaintiff's complaint at the time plaintiff filed this motion, which means that plaintiff needs the court's permission to dismiss claims against Ziegler. Fed. R. Civ. P. 41(a). Because this case has been proceeding since May 2016, I would allow plaintiff to drop defendants from the case only if the dismissal was with prejudice, which means that he could not raise them again. It makes little sense at this stage of the case to drop a defendant only to add him again in a few weeks.

Accordingly, I am denying plaintiff's motion. If he wishes to dismiss his complaint as to defendant Ziegler, he should file a renewed motion in which he asks for dismissal with prejudice.

### C. Motion for Assistance in Recruiting Counsel

A court has no authority to require counsel to represent a pro se litigant in a civil case, but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. 28 U.S.C. § 1915(e)(1). Because there is no right to counsel in civil cases, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), a party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

I am persuaded that plaintiff has satisfied each of these requirements. First, the court concluded at the beginning of the case that plaintiff was indigent. Dkt. #8. Second, plaintiff submitted a declaration in which he identified four law firms that have declined to represent him. Dkt. #6. Finally, the case may be too difficult for plaintiff to handle on his own. As noted above, plaintiff is proceeding on a large number of claims, many of which could raise complex medical questions. Accordingly, I am granting plaintiff's motion for assistance in recruiting counsel and will stay the case while the court looks for a lawyer to represent plaintiff.

ORDER

IT IS ORDERED that

1. The motion for partial summary judgment filed by defendants Karen Anderson, Kim Campbell, Kristen DeYoung, Michael Dittmann, Nicole Felton, Phillip Hoechst, Karl Hoffman, Chad Keller, Meredith Mashak, Salam Syed, Denise Valerius and Kathleen Whalen, dkt. #44, is GRANTED as to the following claims:

> (1) in August 2014, defendant Campbell refused to schedule a doctor's appointment when plaintiff Ryon Reese complained of severe pain and bruising in his upper arm, which plaintiff later discovered was caused by a torn tendon in his bicep;
>
> (2) in January 2016, defendant Salam Syed refused to give plaintiff any pain medication or other treatment;
>
> (3) at an unspecified time, defendant Phillip Hoechst refused to prescribe a resistance band for plaintiff to help with his shoulder; and

2. The claims listed in paragraph one are DISMISSED WITHOUT PREJUDICE for

plaintiff's failure to exhaust his administrative remedies.

3. On the court's own motion, plaintiff's claim that defendant Keller interfered with plaintiff's access to the courts by destroying a videotape is DISMISSED WITHOUT PREJUDICE as unripe.

4. Plaintiff's motion to voluntarily dismiss defendant Ziegler without prejudice, dkt. #52, is DENIED.

5. Plaintiff's motion for leave to file a surreply, dkt. #57, and " "motion to accept affidavit as authentication of exhibit," dkt. #59, are DENIED as moot.

6. Plaintiff's motion for assistance in recruiting counsel, dkt. #53, is GRANTED. All remaining deadlines are STRICKEN pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. Plaintiff is advised that, because of the large number of requests for counsel that the court receives, it may take several weeks or even months before the court locates counsel willing to represent him.

Entered this 22d day of March, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District