IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYON STACY REESE,

                              Plaintiff,

    v.

MICHAEL DITTMAN, KAREN ANDERSON,
MEREDITH MASHAK, KARL HOFFMAN,
SALAM SYED, KATHLEEN WHALEN,
EMMA STARCK, KRISTEN DEYOUNG,
DENISE VALERIUS, BARB HARRIS,
NICOLE FELTON, KIM CAMPBELL,
CHAD KELLER, PHILLIP HOECHST,
LUCAS VOLDEN, PAUL BAUMGARTEN, JEFF REWEY,
STEPHEN WILLETT, TIMOTHY ZIEGLER,

                              Defendants.

ORDER

16-cv-303-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Ryon Stacy Reese is proceeding on 11 claims, most of which relate to alleged failures by prison officials to provide medical care for chronic pain, in violation of the Eighth Amendment. In an order dated March 22, 2017, dkt. #61, the court granted plaintiff's request for assistance in recruiting counsel. The court has now recruited counsel Jeff Scott Olson of The Jeff Scott Olson Law Firm, S.C., to represent plaintiff pro bono for the remainder of this civil action. The court will enter their appearance as plaintiff's pro bono counsel for the record.

      Plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility. Now that plaintiff is represented by counsel, he too has a responsibility. He must not send any future communications to the court, but must work

1

directly and cooperatively with his attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he needs to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may bar counsel from taking certain actions or permitting plaintiff from doing so. If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to advise the court of his decision and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

The next step is for the court to hold a status conference to reset the calendar in this case. Counsel should consult with plaintiff in advance of the conference.

ORDER

IT IS ORDERED that the clerk's office enter Jeff Scott Olson of The Jeff Scott Olson Law Firm, S.C., as plaintiff's pro bono counsel of record and to set this case for a status conference before Magistrate Judge Crocker.

Entered this 29th day of January, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge